697 P.2d 1258

**Robert SLAYTON, Plaintiff-Appellant,**

v.

**Megan ZAPP, Third-Party Claimant-Respondent.**

**No. 15287.**

Court of Appeals of Idaho.

March 29, 1985.

Charles D. Coulter, Boise, for plaintiff-appellant.

Robert M. Robson, Boise, for third-party claimant-respondent.

PER CURIAM.

This is an appeal from an order releasing an automobile from a writ of attachment because the court determined that it was owned by a third party claimant. Two issues are presented: first, whether the third party's failure to verify her claim should have precluded consideration of the claim on its merits; and second, whether the district court erred in determining that the subject vehicle was owned by the third party rather than by the defendant named in the action. We affirm the district court's order.

The appellant, Robert Slayton, sued his former employer, Horst Joetzki, for wages allegedly due. Pursuant to a prejudgment writ of attachment, the sheriff of Ada County took possession of a 1975 Oldsmobile automobile allegedly owned by Joetzki. Megan Zapp, a person not originally named as a party to the action, submitted a written statement to the sheriff, claiming that she, not the defendant Joetzki, had owned the vehicle when it was attached by the sheriff. By stipulation between the attorneys for Slayton and Zapp, Zapp was allowed to substitute a surety bond for the value of the vehicle and the vehicle was released to her. Eventually a judgment was entered in favor of Slayton against Joetzki. An evidentiary hearing was then held to determine Zapp's claim to owner-ship of the vehicle. The district court upheld the claim. Accordingly, the court ordered release of the vehicle from the attachment and ordered the surety bond exonerated and discharged. Slayton has appealed.

I

As noted, after the sheriff took possession of the Oldsmobile under the writ of attachment, Zapp submitted a written claim to the sheriff, asserting she was the owner of the vehicle. This document did not contain a form of verification. Relying on I.C. §§ 8–527 and 11–203, Slayton has argued that the lack of verification should have precluded Zapp from proving any claim to the vehicle. We disagree.

Section 8–527 permits a third party to assert a claim to personal property which is subject to a writ of attachment. The statute provides that such claims are governed by the same rules applicable to third-party claims to property under levy on execution. The statute permitting third-party claims to property on execution, I.C. § 11–203, provides that such claims must be "by a written claim verified by the oath of the claimant, setting out his title thereto, his right of possession thereof, and stating the grounds of such title...." When the claim has been filed, "the sheriff is not bound to keep the property, unless the plaintiff, or the person in whose favor the execution runs, on demand, indemnify the sheriff against such claim by an undertaking qualifying in the state of Idaho." I.C. § 11–203. The purpose of requiring a verified claim from the third party evidently is to assure that the claim meets a minimum threshold of reliability before putting the attaching plaintiff to the burden of indemnifying the sheriff on demand.

Here the procedure contemplated by I.C. § 11–203 simply was not invoked. The attaching plaintiff, Slayton, never was put to the burden of indemnifying the sheriff. No such demand was made because the parties stipulated that the third party, Zapp, could substitute a bond, for the value of the automobile, to be held by the sheriff

in place of the vehicle. The sheriff thus was relieved of any potential liability to the third party for which indemnity would be sought from the attaching plaintiff. Given the arrangement made by the parties, the reason for requiring verification did not exist and the provisions of I.C. §§ 11–203 and 8–527 were not applicable. We hold that the lack of verification did not bar the subsequent judicial proceeding to determine Zapp's claim to the car. To hold otherwise would, in our view, exalt form over substance.

## II

We turn next to the district court's determination that the vehicle was owned by Zapp and should be released from the writ of attachment. Although we conclude the court erred in deciding that Zapp owned the vehicle when it was attached, we believe the court was correct in ordering the vehicle released from the attachment and in exonerating Zapp's bond.

The following undisputed facts were presented to the district court. Robert Hartung, a used car dealer who also was Zapp's stepfather, obtained the Oldsmobile from one Marie Tucker, together with the certificate of title endorsed by Tucker. In August, 1980 Hartung sold the vehicle to Horst Joetzki. Joetzki paid Hartung with a check. Hartung retained the certificate of title endorsed by Tucker, waiting for Joetzki's check to clear the bank. Hartung gave Joetzki a dealer's form (ST124) approved by the Idaho Department of Law Enforcement, to allow Joetzki to register and license the vehicle. Within a few days, and before the certificate of title was delivered to Joetzki, Joetzki borrowed $1000 from Hartung. Thereafter, Joetzki gave Hartung a release dated October 4, 1980, which recited: "I release all right, title and interest in [the Oldsmobile] to Robert Hartung for money that I owe him and that he can have this automobile to do with as he pleases from this day forward...." Sometime after the release was signed by Joetzki, Hartung gave the vehicle to Zapp. The evidence is conflicting regarding possession of the vehicle when it was attached on October 28, 1980, but it is undisputed that the certificate of title still remained in Marie Tucker's name. Hartung apparently signed off on Marie Tucker's certificate of title on October 8, 1980 as a dealer, the same day Zapp endorsed the certificate as the new purchaser. On July 23, 1982 a certificate of title for the Oldsmobile was issued to Megan Zapp by the State of Idaho. The custodian of the title and registration records for the State Department of Transportation, Motor Vehicle Bureau,— called as a witness by Slayton—testified that since July 1982, title to the vehicle was in Megan Zapp; that prior thereto title was in Marie Tucker and that at no time was a certificate of title ever issued in the name of Horst Joetzki.

We believe determination of the issue of title to the Oldsmobile is controlled by I.C. § 49–404. That statute provides in pertinent part:

[N]o person acquiring a motor vehicle from the owner thereof, whether such owner be a dealer or otherwise, shall hereafter acquire any right, title, claim or interest in or to said motor vehicle until he shall have issued to him a certificate of title to said motor vehicle ...

In *Lux v. Lockridge*, 65 Idaho 639, 150 P.2d 127 (1944), our Supreme Court held that, as between the claimants to a motor vehicle, "[a]ll were equally charged with notice of [I.C. § 49–404] providing that no person could 'acquire any right, title, claim or interest as or to' a motor vehicle until the vendee had issued to him the certificate of title." 65 Idaho at 642–43, 150 P.2d at 128.

The evidence is undisputed that neither Horst Joetzki nor Megan Zapp had been issued a certificate of title to the vehicle in question, when the vehicle was attached on October 28, 1980. By the terms of I.C. § 49–404, Horst Joetzki had no "right, title, claim or interest" in the vehicle. We hold therefore that the vehicle was not "property of the defendant," I.C. § 8–501, which could be attached.

Thus, while we conclude that the court erred in determining that Megan Zapp was the owner of the vehicle when it was attached, because no certificate of title had yet been issued to her, we uphold the result reached by the district court in releasing the vehicle from the attachment and discharging Zapp's surety bond posted in lieu of the vehicle. No attorney fees on appeal; costs to respondent, Megan Zapp.

BURNETT and SWANSTROM, JJ., concur.